**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONZELL A. JONES,

     Plaintiff - Appellant,

v.

UNITED STATES MARSHALS
SERVICE, in its official capacity;
RONALD BAKER, Warden, CoreCivic
Leavenworth Detention Center, in his
individual and official capacity; RONALD
L. MILLER, United States Marshals
Service; SARAH W. HAYS, Magistrate
Judge, Western District of Missouri, 8th
Circuit, in her individual and official
capacity; JOHN T. MAUGHMER,
Magistrate Judge, Western District of
Missouri, 8th Circuit, in his individual and
official capacity,

     Defendants - Appellees.

No. 20-3197
(D.C. No. 5:20-CV-03130-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Donzell A. Jones, a federal pretrial detainee at the CoreCivic Leavenworth Detention Center in Leavenworth, Kansas, appeals the district court's order dismissing this action for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

Mr. Jones stated in his civil rights complaint that the district court in his criminal case had denied his motion for release. He further alleged that the United States Marshals Service and the Warden of CoreCivic had violated his Fourteenth Amendment rights by refusing to release him to home confinement and instead exposed him to the risk of COVID-19 infection at the detention center, particularly given his hypertension condition. ROA 33-37.

After reviewing the complaint under 28 U.S.C. § 1915A, the district court ordered Mr. Jones to show cause why it should not be dismissed for failure to allege the Defendants' personal participation, because a writ of habeas corpus was his exclusive remedy, and for failure to state a claim. *Id.* at 47.[2] Mr. Jones filed an amended complaint

---

[1] Because Mr. Jones is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] The district court construed Mr. Jones's action as brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 US. 388 (1971). *See* ROA at 52, 76. His original filing, dated May 7, 2020, used the court form for a petition for habeas corpus under 28 U.S.C. § 2241. *Id.* at 4. The docket entry describes it as "COMPLAINT (titled Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241) filed by Plaintiff Donzell A. Jones." *Id.* at 2. Also on May 7, Mr. Jones filed a "Memorandum of Law Supporting 28 U.S.C. § 2241." *Id.* at 24. But on May 15, he filed the court form for a "Civil Rights Complaint Pursuant to 28 U.S.C. § 1331." *Id.* at 33. The district court treated this as the operative complaint and ordered Mr. Jones to correct its deficiencies, *id.* at 47, which led to the "Amended Civil Rights Complaint Pursuant to 28 U.S.C. § 1331" under review here, *id.* at 55.

alleging deliberate indifference to his serious medical needs and adding two federal

judges and a Marshals Service official as defendants. *Id.* at 55-71.

The district court found the amended complaint did not cure the deficiencies in the

original complaint and dismissed it for failure to state a claim. The court noted that the

U.S. Marshals and the Warden were following a valid order from the district court in Mr.

Jones's criminal case to detain him at CoreCivic. The court concluded that

(1) he had failed to allege how the defendants personally participated in a
    constitutional violation or how any defendant was deliberately indifferent;

(2) other than seeking relief in his underlying criminal case, habeas corpus was
    the exclusive remedy to seek release,

(3) Mr. Jones noted in his complaint that he had not exhausted his administrative
    remedies;

(4) 42 U.S.C. § 1997e(e) barred his request for compensatory damages because he
    had not alleged physical injury;

(5) his request for punitive damages failed because he failed to allege any
    defendant acted with the requisite culpable state of mind; and

(6) the federal judge defendants were entitled to immunity.

*Id.* at 74-76. Because the amended complaint failed to cure the deficiencies of the

original complaint, the district court dismissed this action for failure to state a claim and

entered judgment for the Defendants. *Id.* at 76-77.

We have carefully reviewed Mr. Jones's brief and find that he has not persuasively

challenged the multiple grounds the district court identified to dismiss his amended

complaint. For substantially the same reasons stated by the district court, we **affirm** its

entry of judgment. We **deny** Mr. Jones's motion to proceed *in forma pauperis* and advise

him of his obligation to pay the filing fee in full.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge